UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
        :
YUSEF A. HARRIS, ISHMAEL C.        :
HARRIS, GREGORY S. HARRIS, and    :
ORAL R. SINCLAR,        :
        :    23-CV-6344 (VSB)
        Plaintiffs,   :
        :    **ORDER**
    -against-    :
        :
THE CITY OF NEW YORK et. al.,     :
        :
        Defendants.  :
        :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

    Plaintiffs in this action, proceeding pro se and in forma pauperis, request that I direct the Clerk of Court to seek pro bono counsel for them. (Doc. 5.) Because Plaintiffs' claims do not appear to be of sufficient substance to merit the appointment of pro bono counsel, this request is DENIED.

## LEGAL STANDARD

    The in forma pauperis statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the in forma pauperis statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*,

490 U.S. 296, 301–310 (1989).  Moreover, courts do not have funds to pay counsel in civil matters.  Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel.  802 F.2d at 61–62.  The litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed in forma pauperis.  The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously."  *Id.* at 60–61.  If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel).  In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion.  *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997).  Rather, each application "must be decided on its own facts."  *Hodge*, 802 F.2d at 61.

## **DISCUSSION**

Plaintiffs have submitted a declaration attesting that that they are unable to afford the cost of counsel.  (Doc. 5.)  I accept the assertions in this declaration for the purpose of determining if Plaintiffs are indigent.

Plaintiffs assert claims under 42 U.S.C. § 1983 on behalf of their brothers, who were murdered in 1992. (Doc. 2 at 4–5.) They seek to bring claims against various prosecutors and police officers who, in their view, bungled the investigation and prosecution of their brothers' murders. (*Id.* ¶¶ 17–19, 26–37.) While these murders have understandably left Plaintiffs in substantial pain, their claims are not "likely to be of substance." *Hodge*, 802 F.2d at 61–62. Even setting aside issues such as whether the Plaintiffs can bring these claims on behalf of their brothers, whether claims against prosecutors will be barred by the absolute immunity doctrine[1], and whether the statute of limitations has run on claims where key events happened more than two decades ago, courts have consistently declined to find that crime victims or those close to them possess a constitutional right to a police investigation into those crimes. *See, e.g.*, *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 36 (2d Cir. 2010) ("[T]he Suffolk County Code does not create a constitutionally protected property interest in an adequate police investigation."); *Kern v. Contento*, No. 21-1672, 2022 WL 1112767, at *1 (2d Cir. Apr. 14, 2022) (New York traffic code did not create a constitutional right to a "proper police investigation"); *Brown v. Volpe*, No. 15 CIV. 9004 (PAE), 2017 WL 985895, at *6 (S.D.N.Y. Mar. 13, 2017) (finding no constitutional right to a criminal investigation into another person); *Buari*, 530 F. Supp. 3d 356, 391 (S.D.N.Y. 2021) ("Because there is no constitutional right to an adequate investigation, and therefore a claim for failure to investigate is not independently cognizable under Section 1983, the Court dismisses Buari's claim for failure to conduct an adequate investigation."); *Newton v. City of New York*, 566 F. Supp. 2d 256, 278 (S.D.N.Y. 2008) ("[T]here is no constitutional right to an adequate investigation.") Given this, I cannot recommend that the Clerk of Court seek pro

---

[1] I note that Calvin Buari, who initially prosecuted for the murder of Plaintiffs' brothers, similarly brought constitutional claims against the prosecutors involved in that case and those claims were barred by absolute immunity. *See Buari v. City of New York*, 530 F. Supp. 3d 356, 377–83 (S.D.N.Y. 2021).

bono counsel for the Plaintiffs.

In light of Plaintiffs' pro se status, they shall have an additional 60 days from the entry of this order to locate counsel to bring any claims on behalf of their brothers that Plaintiffs may not permissibly bring in their own right.

Given Plaintiffs' diligence in pursuing this matter and the complications stemming from their pro se status, I further find, pursuant to Fed. R. Civ. P. 4(m), that there is good cause to extend the time to serve Defendants by 90 days from the entry of this Order. Plaintiffs are further advised that, in the absence of available pro bono counsel, Plaintiffs may find it advisable to consult with the New York Legal Assistance Group, which maintains a clinic to assist pro se litigants. More information on this group may be found at https://nylag.org/pro-se-clinic/.

Plaintiffs shall file a status letter with the Court on the progress of locating an attorney and otherwise prosecuting this action by November 28, 2023.

## **CONCLUSION**

Plaintiffs' motion requesting the appointment of pro bono counsel is DENIED. Plaintiffs shall have an additional 60 days from the entry of this order to locate counsel and shall file a status letter on their progress by November 28, 2023. Pursuant to Fed. R. Civ. P. 4(m), Plaintiffs' time to serve Defendants is extended by 90 days. The Clerk of Court is respectfully directed to close the motion at Doc. 5.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiffs.

SO ORDERED.

Dated: September 11, 2023
      New York, New York

_____
Vernon S. Broderick
United States District Judge