```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
YUSEF A. HARRIS, ISHMAEL C.                                 :
HARRIS, GREGORY S. HARRIS, and                              :
ORAL R. SINCLAR,                                            :
                                                            :           23-CV-6344 (VSB)
                                      Plaintiffs,           :
                                                            :               ORDER
               -against-                                    :
                                                            :
THE CITY OF NEW YORK et al.,                                :
                                                            :
                                      Defendants.           :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

Before me is a motion for reconsideration filed by Plaintiffs, proceeding pro se, requesting that I reconsider my decision denying their application for the appointment of pro bono counsel. (Doc. 8.) Because the motion is untimely and, in any event, fails to provide any legal basis for me to reconsider my Order of September 11, 2023, the motion is DENIED.

I. **Factual Background and Procedural History**

On July 21, 2023, Plaintiffs Yusef A. Harris, Ishmael C. Harris, Gregory S. Harris, and Oral R. Sinclair brought claims against the City of New York, the New York City Police Department, and various law enforcement officials alleging violations of 42 U.S.C. §§ 1983, 1988. At least some of the asserted claims appear to have been brought on behalf of other individuals—namely, Salaha-din Elazar Harris and Elijah Joabe Harris (the "Harris Brothers"). Because pro se plaintiffs may not assert claims to vindicate the rights of others, I ordered Plaintiffs to retain counsel and warned them that any claims asserted on behalf of the Harris Brothers may be subject to dismissal without prejudice if not brought by an attorney. (Doc. 4.)

Plaintiffs subsequently moved for the appointment of pro bono counsel, (Doc. 5), which I denied on September 11, 2023, because the underlying claims did not appear to be of sufficient substance to merit the appointment of an attorney, (Doc. 6).  On October 6, 2023, Plaintiffs filed a motion for reconsideration of that Order pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  (Doc. 8.)

## II. Legal Standard

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).  Generally, a party seeking reconsideration must show either "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice."  *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  The decision concerning whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'"  *Premium Sports Inc. v. Connell*, No. 10-cv-3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)).

## III. Discussion

As a threshold matter, the deadline that applies to the instant motion for reconsideration is governed by Local Civil Rule 6.3, not Rule 59(e) of the Federal Rules of Civil Procedure.

Local Civil Rule 6.3 provides that a motion for reconsideration "shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Rule 59(e), meanwhile, provides that a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e), that is, "any order from which an appeal lies," Fed. R. Civ. P. 54(a). Because a motion denying the appointment of counsel is generally not immediately appealable, *see Welch v. Smith*, 810 F.2d 40, 42 (2d Cir. 1987) (holding that "an order denying a plaintiff the appointment of counsel to represent him in pursuing the merits of a suit under § 1983 may not be challenged separately by a direct appeal"), Local Civil Rule 6.3 supplies the timeliness requirements governing Plaintiffs' reconsideration motion.

Applying Local Civil Rule 6.3 here, I find that the motion for reconsideration is untimely. Under Local Civil Rule 6.3, Plaintiffs had 14 days, or until September 25, 2023, to file a motion for reconsideration. But Plaintiffs did not move for reconsideration until October 6, 2023. (Doc. 8.) "Failure to adhere to Local Rule 6.3's time limitations is in and of itself a sufficient reason to deny a motion for reconsideration." *Sea Trade Co. v. FleetBoston Fin. Corp.*, No. 03-cv-10254 (JFK), 2009 WL 4667102, at *3 (S.D.N.Y. Dec. 9, 2009). Accordingly, the motion is untimely under Local Civil Rule 6.3 and is denied on that basis. *See Cohen v. Jamison*, No. 23-cv-1304 (LTS), 2023 WL 3412762, at *3 (S.D.N.Y. May 12, 2023) (denying motion made under Local Civil Rule 6.3 as untimely); *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) ("[T]he untimeliness of a motion for reconsideration is reason enough to deny the motion.").

But considering that Plaintiffs are pro se, I will grant them special solace and consider their motion on the merits. A motion under Local Rule 6.3 is an "extraordinary remedy to be

employed sparingly in the interests of finality and conservation of scarce judicial resources." *RST (2005) Inc. v. Rsch. in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (internal quotation marks omitted). No such extraordinary remedy is warranted here. In arguing otherwise, Plaintiffs point principally to the fact that they paid the filing fees and are not, in fact, proceeding in forma pauperis. But whether Plaintiffs paid the filing fees in this case has nothing to do with my prior conclusion that the underlying claims are not "likely to be of substance" and that Plaintiffs are therefore not entitled to pro bono counsel. (Doc. 6.) As I previously noted, Plaintiffs will face serious—if not insurmountable—hurdles in prosecuting this action. For starters, there are questions as to "whether the Plaintiffs can bring these claims on behalf of [the Harris Brothers], whether claims against prosecutors will be barred by the absolute immunity doctrine, and whether the statute of limitations has run on claims where key events happened more than two decades ago." (Doc. 6 (footnote omitted).) What is more, courts have consistently declined to find that crime victims or those close to them possess a constitutional right to a police investigation. *See, e.g.*, *Newton v. City of New York*, 566 F. Supp. 2d 256, 278 (S.D.N.Y. 2008) ("[T]here is no constitutional right to an adequate investigation."). Because Plaintiffs failed to identify "an intervening change of controlling law," "new evidence," or any "clear error" or "manifest injustice" in my prior order, *Virgin Atl. Airways*, 956 F.2d at 1255 (internal quotation marks omitted), Plaintiffs' motion is also denied on the merits.

## IV. Conclusion

For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 8 and to mail a copy of this Order to Plaintiffs.

In light of Plaintiffs' pro se status, they shall have an additional 60 days from the entry of this Order to locate counsel to bring any claims on behalf of the Harris Brothers that Plaintiffs may not permissibly bring in their own right.  Plaintiffs shall file a status letter with the Court on the progress of locating an attorney and otherwise prosecuting this action by December 11, 2023.

SO ORDERED.

Dated: October 12, 2023
      New York, New York

                                                      _____
                                                     Vernon S. Broderick
                                                     United States District Judge