UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                  :

YUSEF A. HARRIS, ISHMAEL C. HARRIS,     :
GREGORY S. HARRIS, and ORAL R.       :
SINCLAR,                              :
                                  :                    23-CV-6344 (VSB)
                     Plaintiffs,   :
                                  :                        **ORDER**
          -against-            :

THE CITY OF NEW YORK *et al.*,         :
                                  :
                    Defendants.  :
                                  :
------------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       I am in receipt of a letter, filed by Plaintiffs on March 7, 2024, "confirm[ing] that [they] do intend on pursuing the claims filed on behalf of [their] slain younger Brothers," without identifying what claims they seek to bring on behalf of themselves. (Doc. 17 at 1. ("Letter").) Throughout this case, I have repeatedly warned Plaintiffs—who are all proceeding pro se—that "an individual who is not licensed as an attorney may not appear on another person's behalf in the other's cause." (Doc. 4 at 1 (quoting *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008)); *see also* Docs. 6 at 4, 9 at 5, 10 at 1, 14 at 1, 16 at 1.) Because a pro se plaintiff can only litigate "an interest personal to him," *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998), I have asked Plaintiffs, from the inception of this suit, to (1) identify the claims that they would like to bring on behalf of themselves, or (2) locate an attorney to represent them in bringing claims on behalf of their brothers. (Doc. 4.) To date, Plaintiffs have failed to identify a claim personal to them or to retain counsel to represent them in bringing claims on behalf of their brothers. Indeed, in the March 7 letter, Plaintiffs affirmatively stated that they are asserting claims on behalf of their brothers, (Letter at 1), which they cannot do pro se in federal court, *see, e.g.*, *Shih v. Flagstar Bank FSB*, No. 23-cv-3375, 2023 WL 3977499, at *3 (S.D.N.Y. June 12, 2023) (dismissing pro se claims asserted on behalf of other plaintiffs); *Pena-Sanchez v. New York City*, No. 22-cv-4942, 2023 WL

3436066, at *2 (S.D.N.Y. May 11, 2023) (same).  Absent any viable claim, this case is DISMISSED without prejudice.

The Clerk of Court is respectfully directed to close this case and to mail a copy of this Order to Plaintiffs at their last known address.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:     March 12, 2024
           New York, New York

_____
VERNON S. BRODERICK
United States District Judge

2